**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELRETHA JOHNSON, Special Administrator of the Estate of Thomas Paulus Johnson, deceased, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> AIRBUS, S.A.S., AIRBUS AMERICAS, INC., HONEYWELL INTERNATIONAL, NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., MOTOROLA, INC., GENERAL ELECTRIC CO., GE AVIATIONS SYSTEMS, LLC, and GE AVIATIONS SYSTEMS LTD., <br><br> Defendants. | Case No. 1:11-cv-05182 <br><br> District Judge Hon. George W. Lindberg <br><br> **JURY TRIAL DEMANDED** |

**AIRBUS S.A.S.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Subject to its affirmative defenses set forth below, and without waiver of any rights, privileges, or defenses, and without conceding the convenience of this forum for resolution of this dispute, Defendant Airbus S.A.S. ("Airbus"), for its Original Answer to Plaintiffs' Complaint, states as follows:

**ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT**

**COUNT I**

1.      Plaintiffs and plaintiffs' decedents are citizens and residents of countries other than the United States.  Plaintiff Michael Schneider is the Executor of the Estate of Catherine Tillett.  Plaintiff Feroza Patel has been appointed Administrator of the Estate of Faaiza Patel by a court in the country of the decedent's domicile.  Plaintiffs Sean Colick and Lisa Sheehan have been appointed Co-Administrators of the Estate of Priscilla Collick by a court in the country of

1

the decedent's domicile.  The other plaintiffs have been appointed Special Administrator of their respective decedents' estates by Order of this Court.

**ANSWER:**    Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Count I and, on that basis, denies the allegations.

2.    Defendant Airbus, S.A.S. is a corporation and citizen and resident of France. Defendant GE Aviation Systems, Ltd. is a corporation and citizen and resident of the United Kingdom.  Defendant Motorola, Inc. is a U.S. corporation that has its principal place of business in Illinois.  The other defendants are U.S. corporations or limited liability corporations which do business in Cook County, Illinois sufficient to subject them to the jurisdiction of this Court.

**ANSWER:**    Airbus admits it is a *société par action simplifiée* organized under the laws of France with its principal place of business in Blagnac, France.  The remainder of the allegations in Count I, paragraph 2 are directed at other defendants and no response from Airbus is required. To the extent a response is required, Airbus denies the remaining allegations contained in Paragraph 2 of Count I.

3.    On May 12, 2010, plaintiffs' decedents were passengers on board a certain Airbus A-330 aircraft ("the accident aircraft") being operated by Afriqiyah Airways as Flight 8U771 from Johannesburg, South Africa to Tripoli, Libya.

**ANSWER:**    Airbus admits that an Airbus A330-202, manufacturer's serial number 1024 (the "Accident Aircraft"), was operated by Afriqiyah Airways as Flight 771 from Johannesburg, South Africa to Tripoli, Libya on May 12, 2010.  Airbus is without information or knowledge

2

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of Count I, and, on that basis, denies the allegations.

4.      On a date prior to May 12, 2010, defendants Airbus S.A.S. and Airbus Americas, Inc. ("Airbus") designed, manufactured, assembled and sold the accident aircraft and provided training in the operation of the subject model aircraft to the flight crew of the accident aircraft.

**ANSWER:**    Airbus admits that the Accident Aircraft was assembled and placed into the stream of commerce in France by Airbus S.A.S.  Airbus denies the remaining allegations contained in Paragraph 4 of Count I.

5.      At the time the accident aircraft left the custody and control of defendants Airbus, it was defective and unreasonably dangerous in one or more of the following respects, among other defects:

> (a)      the Air Data Inertial Reference Units (ADIRU's) on the accident aircraft provided erroneous data and spurious signals, including, but not limited to, erroneous data and spurious signals concerning the accident aircraft's airspeed and angle of attack, to the accident aircraft's flight control computers;

> (b)      the ADIRU's failed to filter out erroneous data and spurious signals, including, but not limited to, erroneous data and spurious signals concerning the accident aircraft's airspeed and angle of attack;

> (c)      the accident aircraft's flight control computers and related software failed to filter out the erroneous data and spurious signals provided by the ADIRU's;

> (d)      the accident aircraft's flight control computers and related software commanded dangerous and improper flight control movements;

> (e)      the accident aircraft's flight control computers and related software allowed dangerous and unauthorized flight control movements;

> (f)      the engines lacked sufficient power to allow the recovery from a stall in all reasonably anticipated situations;

3

(g)     the engines experienced uncommanded and non-harmonious surges in power, causing the aircraft to depart from controlled flight;

(h)     the accident aircraft failed to contain any warnings of the above-described defects;

(i)     the accident aircraft was difficult to recover from unusual attitudes and such recovery by the flight crew was caused to be delayed.

**ANSWER:**     Airbus denies the allegations contained in Paragraph 5 of Count I, including each of the allegations contained in sub-paragraphs (a) through (i).

6.     As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft, it was caused to, and did, crash on approached to the Tripoli airport on May 12, 2010 and plaintiffs' decedents were killed.

**ANSWER:**     Airbus admits that Afriqiyah Airways Flight 771 crashed on final approach to Tripoli International Airport in Tripoli, Libya on May 12, 2010, resulting in the deaths of all crew members and all passengers but one.  Airbus denies the remaining allegations contained in Paragraph 6 of Count I.

7.     Plaintiffs' decedents left surviving heirs and beneficiaries, including the plaintiff Executor, plaintiff Administrators, and plaintiff Special Administrators, for whose benefit this action is brought.

**ANSWER:**     Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Count I, and, on that basis, denies the allegations.

8.     The plaintiff Executor, Administrator, and Special Administrators and the other heirs and beneficiaries of their respective decedents have suffered a loss of support, loss of net

4

accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

**ANSWER:**    Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Count I, and, on that basis, denies the allegations.

9.    This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

**ANSWER:**    Airbus admits the existence of the Illinois Wrongful Death Act but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations contained in paragraph 9 of Count I.

Airbus denies all allegations in Count I not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT II

1-5.    As paragraphs 1-5 of Count II, plaintiffs reallege paragraphs 1-5 of Count I.

**ANSWER:**    In response to paragraphs 1-5 of Count II, Airbus adopts and incorporates by reference here its responses to paragraphs 1-5 of Count I.

5

6.     As the direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the accident aircraft which caused the accident aircraft to crash on approach to the Tripoli airport on May 12, 2010, plaintiffs' decedents were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**     Airbus denies the allegations contained in Paragraph 6 of Count II.

7.     Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

**ANSWER:**     Airbus denies the allegations in Paragraph 7 of Count II.  Paragraph 7 of Count II also contains legal conclusions to which no response is required.

8.     This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

**ANSWER:**     Airbus admits the existence of the Illinois Survival Act but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations contained in paragraph 8 of Count II.

Airbus denies all allegations in Count II not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT III

1-4.     As paragraphs 1 through 4 of Count III, plaintiffs reallege paragraphs 1 through 4 of Count I.

**ANSWER:**     In response to paragraphs 1 through 4 of Count III, Airbus adopts and incorporates by reference here its responses to paragraphs 1 through 4 of Count I.

5.     At all times relevant hereto, defendants Airbus owed a duty to plaintiffs and plaintiffs' decedents to use reasonable care in designing, manufacturing, assembling, and selling the accident aircraft and in providing training in the operation of the subject model aircraft to the flight crew of the accident aircraft so as to not cause injury to, and the deaths of, plaintiffs' decedents.

**ANSWER:**     Airbus denies the allegations in Paragraph 5 of Count III.

6.     Defendants Airbus negligently breached their duty of care owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts and omissions:

>     (a)     negligently designed, manufactured, assembled and sold the accident aircraft such that the ADIRU's provided erroneous data and spurious signals, including, but not limited to, erroneous data and spurious signals concerning the accident aircraft's airspeed and angle of attack, to the accident aircraft's flight computers;
>
>     (b)     negligently designed, manufactured, assembled and sold the accident aircraft such that the ADIRU's failed to filter out erroneous data and spurious signals, including, but not limited to, erroneous data and spurious signals concerning the accident aircraft's airspeed and angle of attack;
>
>     (c)     negligently designed, manufactured, assembled and sold the accident aircraft such that the accident aircraft's flight control computers and related software failed to filter out the erroneous data and spurious signals provided by the ADIRU's;

(d)    negligently designed, manufactured, assembled and sold the accident aircraft such that the accident aircraft's flight control computers and related software commanded dangerous and improper flight control movements;

(e)    negligently designed, manufactured, assembled and sold the accident aircraft such that the accident aircraft's flight control computers and related software allowed dangerous and improper flight control movements;

(f)    negligently designed, manufactured, assembled and sold the accident aircraft such that the engines lacked sufficient power to allow the recovery from a stall in all reasonably anticipated situations;

(g)    negligently designed, manufactured, assembled and sold the accident aircraft such that the engines experienced uncommanded and non-harmonious surges in power, causing the aircraft to depart from controlled flight;

(h)    negligently designed, manufactured, assembled and sold the accident aircraft such that the accident aircraft failed to contain any warnings of the above-described defects;

(i)    negligently designed, manufactured, assembled and sold the accident aircraft such that it was difficult to recover from unusual attitudes and such recovery by the flight crew was caused to be delayed;

(j)    negligently failed to provide the flight crew of the accident aircraft with sufficient and proper training in the manual flying of the subject model aircraft during initial type qualification; and

(k)    negligently failed to provide the flight crew of the accident aircraft with sufficient and proper training in the manual flying of the subject model aircraft to ensure the flight crew remained proficient in flying the subject model aircraft manually.

**<u>ANSWER:</u>**    Airbus denies the allegations contained in Paragraph 6 of Count III, including each of the allegations contained in sub-paragraphs (a) through (k).

7.    As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Airbus, the accident aircraft was caused to, and did, crash on approach to Tripoli airport on May 12, 2010 and plaintiffs' decedents were killed.

8

**ANSWER:**    Airbus denies the allegations contained in Paragraph 7 of Count III.

8.    Plaintiffs' decedents left surviving heirs and beneficiaries, including the plaintiff Executor, plaintiff Administrators and plaintiff Special Administrators, for whose benefit this action is brought.

**ANSWER:**    Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Count III, and, on that basis, denies the allegations.

9.    The plaintiff Executor, Administrators and Special Administrators and the other heirs and beneficiaries of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

**ANSWER:**    Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Count III, and, on that basis, denies the allegations.

10.    This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

**ANSWER:**    Airbus admits the existence of the Illinois Wrongful Death Act but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations contained in paragraph 10 of Count III.

Airbus denies all allegations in Count III not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT IV

1-4.    As paragraphs 1 through 4 of Count IV, plaintiffs reallege paragraphs 1 through 4 of Count I.

**ANSWER:**    In response to paragraphs 1 through 4 of Count IV, Airbus adopts and incorporates by reference here its responses to paragraphs 1 through 4 of Count I.

5-7.    As paragraphs 5 and 6 of Count IV, plaintiffs reallege paragraphs 5 and 6 of Count III.

**ANSWER:**    In response to paragraphs 5 and 6 of Count IV, Airbus adopts and incorporates by reference here its responses to paragraphs 5 and 6 of Count III.

7.    As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Airbus, which caused the accident aircraft to crash on approach to Tripoli airport on May 12, 2010, plaintiffs' decedents were caused to suffer multiple and iverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**    Airbus denies the allegations contained in Paragraph 7 of Count IV.

10

8.      Had plaintiffs' decedents survived, they would have been entitled to bring an action for damages, and such action has survived them.

**ANSWER:**      Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Count IV, and, on that basis, denies the allegations.

9.      This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

**ANSWER:**      Airbus admits the existence of the Illinois Survival Act but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations contained in paragraph 9 of Count IV.

Airbus denies all allegations in Count IV not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNTS V – XVI

The allegations in Counts V through XVI are not directed at Airbus and no response by it is required. To the extent a response by Airbus is deemed required, Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in those Counts and on that basis, denies the allegations.

## JURY DEMAND

Airbus makes its own demand for a trial by jury on all issues so triable.

## SEPARATE and AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its pleadings, without waiver of any rights, privileges, or defenses, and without conceding the convenience of this forum for resolution of this dispute, Airbus for its Separate and Affirmative Defenses to Plaintiffs' Complaint states as follows:

## FIRST DEFENSE – *FORUM NON CONVENIENS*

Plaintiffs' claims should be dismissed pursuant to the doctrine of *forum non conveniens* because available, adequate, and more appropriate fora exist.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## SECOND DEFENSE – FAILURE TO STATE A CLAIM

Plaintiffs' Complaint fails to state a claim against Airbus upon which relief may be granted.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## THIRD DEFENSE – LACK OF CAPACITY OR STANDING

Plaintiffs may lack capacity or standing to maintain this action.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## FOURTH DEFENSE – INTERVENING AND SUPERSEDING CAUSE

Plaintiffs' damages, if any, resulted completely from intervening, interceding, superseding, and/or unforeseeable causes, including but not limited to acts or omissions of third parties, for which Airbus had no duty to protect Plaintiffs and/or decedents.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## FIFTH DEFENSE – ACTS OF OTHERS

Plaintiffs' damages, if any, were proximately caused by the negligence and/or fault of persons, firms, corporations, entities, or parties other than Airbus, for whom Airbus is not responsible, and over whom Airbus had no control or right of control, including but not limited to the co-defendants named in this action and other non-parties, including but not limited to the operator of the accident flight and the government of Libya (directly or through its respective agencies, the Tripoli airport authorities, air traffic and ground traffic controllers, and providers of flight related services such as weather briefings and other services). Such acts or omissions are a superseding cause of Plaintiffs' damages. Accordingly, Airbus is not liable to Plaintiffs; or, in the alternative, Airbus's liability to Plaintiffs, if any, must be reduced by the percentage of fault attributable to other persons, firms, corporations, entities, or parties, in accordance with applicable law.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## SIXTH DEFENSE - MISUSE

Airbus is not liable because the Accident Aircraft was subject to unforeseeable and improper misuse or handling.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## SEVENTH DEFENSE – POST-SALE MATERIAL MODIFICATION/ALTERATIONS

Plaintiffs' alleged damages, if any, were proximately caused in whole or in part, by the modification, alteration, or change in the condition of the Accident Aircraft by persons over whom Airbus had no control or right of control, and without Airbus's knowledge, consent, or advice. The defects about which plaintiffs complain were not created by this defendant. This defendant cannot, as a matter of law, be held responsible for alleged defects it did not create.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## EIGHTH DEFENSE – FAILURE TO JOIN NECESSARY PARTIES

The Complaint and all causes of action asserted should be dismissed because Plaintiffs have failed to join necessary and indispensable parties including but not limited to the operator of Afriqiyah Airways Flight 771.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## NINTH DEFENSE - SETOFF

Airbus reserves the right to make an election of credit or setoff for any settlements as allowed pursuant to the applicable law.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## TENTH DEFENSE – PROPER WARNINGS

To the extent Airbus had any duty to issue instructions or warnings regarding the Accident Aircraft, Airbus did not omit any instructions or warnings that would have reduced the foreseeable risks of harm, if any, posed by the Accident Aircraft. The warnings and instructions provided were adequate as a matter of law. The plaintiffs' damages and injuries, if any, are the sole proximate result of the failure by other parties to follow the warnings and instructions issued.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

**ELEVENTH DEFENSE – NO FEASIBLE ALTERNATIVE DESIGN**

There were no practical and technically feasible alternative designs that would have prevented the alleged injuries without substantially impairing the reasonably anticipated or intended function of the Accident Aircraft.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

**TWELFTH DEFENSE – 735 ILCS 5/2-1117**

There is no fault that can be attributed to this defendant and, therefore, the fault attributed to this defendant is less than 25% of the total fault attributable to the Plaintiffs, other defendants, and third party defendants who could have been sued by Plaintiffs. Therefore, to the extent that Illinois law may apply, Airbus is not jointly liable but only severally liable for its relative degree of fault, if any, pursuant to 735 ILCS 5/2-1117.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

**THIRTEENTH DEFENSE - COMPLIANCE WITH
APPLICABLE STANDARDS/PREEMPTION**

The manufacture and marketing of the Accident Aircraft, including the provision of related warnings, service bulletins, notices, training materials, and other communications, are controlled by federal and international law, and Airbus was at all times in compliance and obedience with the applicable laws and regulations. Maintenance of the causes of action against Airbus set forth in the Complaint, if permitted and allowed, would impede, impair, frustrate,

16

and/or burden the effectiveness of law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article 1, Section 8, respectively.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## FOURTEENTH DEFENSE - NO POST-SALE DUTY TO WARN/ RETROFIT

Plaintiffs' claims are barred, in whole or in part, because Airbus had no post-sale duty to warn or retrofit the Accident Aircraft.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## FIFTEENTH DEFENSE – STATE OF THE ART

The design of the Accident Aircraft delivered by Airbus was consistent with or exceeded the state of the art at the time of its design and manufacture.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## SIXTEENTH DEFENSE – CAUSATION

The conduct or fault of Airbus, if any, was not a substantial factor in bringing about Plaintiffs' alleged damages, and therefore was not a producing, proximate, or contributing cause of any injuries or damages suffered by Plaintiffs.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

### SEVENTEENTH DEFENSE – SOPHISTICATED USER

The Accident Aircraft was intended for, and sold to, a knowledgeable and sophisticated user over whom Airbus had no control.  The warnings and instructions which accompanied the sale of the aircraft were sufficient to exculpate Airbus from any liability to the Plaintiffs.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

### EIGHTEENTH DEFENSE – SATISFACTION

Plaintiffs' claims may be barred in whole or part, under the applicable law, because they have already received full satisfaction and/or compensation for their alleged injuries and damages, and their claims may be barred by Plaintiffs' prior accord and satisfaction with any party or third party.

WHEREFORE, Defendant Airbus respectfully requests this Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

### RESERVATION

Airbus reserves the right to assert against the Plaintiffs, co-defendants, or any other subsequent defendants or third-party defendants any other claims or affirmative defenses that may develop during the course of investigation, discovery, and litigation of this action.

## NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Airbus gives notice that it intends to raise issues concerning the applicability of the law of other jurisdictions, including but not limited to that of Libya or France, to some or all of the claims and defenses stated above, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

## CONCLUSION AND PRAYER

WHEREFORE, Airbus S.A.S. respectfully prays as follows:

(1)     Plaintiffs take nothing by their suit against Airbus;

(2)     Airbus be awarded its costs of Court; and

(3)     Airbus be awarded such other and further relief to which it shows itself entitled.

Date:   August 3, 2011

Respectfully submitted,

By:   */s/ Stanley V. Boychuck*
Stanley V. Boychuck, #3124066
Patrick P. Clyder, #6292573
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Avenue, Ste. 3300
Chicago, Illinois  60611
Tel.: (312) 321-9100
Fax: (312) 321-0990
sboychuc@smbtrials.com
pclyder@smbtrials.com

**LOCAL COUNSEL FOR DEFENDANT AIRBUS S.A.S.**

Thad T. Dameris*
Bruce D. Oakley*
Trevor R. Jefferies*
Christopher M. Odell*
**HOGAN LOVELLS US LLP**
700 Louisiana Street, Suite 4300

19

Houston, Texas 77002
Tel.: (713) 632-1410
Fax: (713) 583-6297
thad.dameris@hoganlovells.com
bruce.oakley@hoganlovells.com
trevor.jefferies@hoganlovells.com
christopher.odell@hoganlovells.com

David J. Weiner*
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 2004
Tel.: (202) 637-5617
Fax: (202) 637-5910
david.weiner@hoganlovells.com

**ATTORNEYS FOR DEFENDANT AIRBUS S.A.S.**

*Motion for admittance *pro hac vice* pending

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on August 3, 2011, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Airbus S.A.S.'s Original Answer was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.


By:  ___ */s/ Stanley V. Boychuck*