**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELRETHA JOHNSON, Special Administrator of the Estate of Thomas Paulus Johnson, deceased, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> AIRBUS, S.A.S., AIRBUS AMERICAS, INC., HONEYWELL INTERNATIONAL, NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., MOTOROLA, INC., GENERAL ELECTRIC CO., GE AVIATIONS SYSTEMS, LLC, and GE AVIATIONS SYSTEMS LTD., <br><br> Defendants. | Case No. 1:11-cv-05182 <br><br> District Judge Hon. George W. Lindberg <br><br> **JURY TRIAL DEMANDED** |

**AIRBUS S.A.S.'S THIRD PARTY COMPLAINT AGAINST AFRIQIYAH AIRWAYS**

Subject to the affirmative defenses set forth in its Original Answer [D.E. 15], and without waiver of any rights, privileges, or defenses, or conceding the convenience of this forum for resolution of this dispute, NOW COMES Third-Party Plaintiff Defendant Airbus S.A.S. ("Airbus") and for its Third-Party Complaint for contribution against AFRIQIYAH AIRWAYS ("Afriqiyah") states as follows:

**JURISDICTION AND VENUE**

1. Third-Party Plaintiff Airbus is a *société par action simplifiée* organized under the laws of France with its principal place of business in Blagnac, France.

2. Third-Party Defendant Afriqiyah is a carrier engaged in the business of commercial air transportation. Afriqiyah carries fare-paying passengers on regularly scheduled domestic and international flights. Afriqiyah is a foreign corporation organized under the laws

1

of Libya with its principal place of business in Tripoli, Libya. On information and belief, at all times material to this proceeding, Afriqiyah has engaged in substantial and not isolated business activity in the United States on a continuous and systematic basis, some of which is related to the Accident and/or the Accident Aircraft. Among other connections to this District, on information and belief, Afriqiyah maintained and/or authorized at all times material to this proceeding a reservations website accessible from Cook County, Illinois, from which customers located in this District could access information, make travel reservations, and purchase tickets.

3. Afriqiyah may be served with process at its principal place of business, Waha Building, Omar Almokhtar Street, P.O. 83428, Tripoli, Libya, or by letters rogatory to the appropriate judicial authority in Libya by and through the U.S. Department of State, Office of American Citizen Services, SA-29 4th Floor, 2201 C Street NW, Washington, D.C. 20520-0001.

4. Jurisdiction and venue are appropriate in this Court pursuant to Rule 14 of the Federal Rules of Civil Procedure, the Multiparty, Multiforum Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369, and the principles of ancillary, pendent, and supplemental jurisdiction set forth in 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Third-Party Defendant Afriqiyah is subject to personal jurisdiction in this District. Alternatively, venue is proper in this District pursuant to 28 U.S.C. § 1391(d).

**STATEMENT OF FACTS**

6. On May 12, 2010, Afriqiyah operated as a common carrier.

7. Afriqiyah Airways Flight 771 ("Flight 771") was a scheduled international commercial flight operated by Afriqiyah that departed from OR Tambo International Airport in Johannesburg, South Africa on May 12, 2010, bound for Tripoli International Airport in Tripoli, Libya, aboard an Airbus A330-202 aircraft bearing registration No. 5A-ONG (the "Aircraft").

8. At all times material to this litigation, Afriqiyah (or contractually related parties) operated and controlled the Aircraft and was solely responsible for operating, maintaining, repairing, inspecting, and servicing the Aircraft and its component parts.

9. At all times material to this litigation, Afriqiyah (or contractually related parties) was solely responsible for hiring, training, supervising, and controlling its employees, agents, contractors, and other representatives responsible for the safe conduct of flight operations, including Afriqiyah's flight, cabin, and maintenance crews, and the pilots in command of the Aircraft on May 12, 2010 (the "flight crew").

10. Prior to takeoff from OR Tambo International Airport in Johannesburg, Afriqiyah knew that poor weather conditions prevailed in the vicinity of Tripoli International Airport, and that poor visibility was likely to be encountered on approach to the airport.

11. On information and belief, while on final approach to runway 09 at Tripoli International Airport at approximately 0400 UTC, the flight crew allowed the Aircraft's altitude to sink below the published minimum altitude. The flight crew attempted to execute a go-around but failed to follow standard operating procedures, causing the Aircraft to crash into the ground approximately 900 meters from the runway threshold (the "Accident").

12. All of the crew members, and all passengers but one, died as a result of the Accident.

13. At all times, the Aircraft responded as commanded by the Afriqiyah pilots and in accordance with its design.

14. Afriqiyah is a learned-, responsible-, sophisticated-, and/or informed-intermediary and user, as those doctrines are construed under the applicable law.

## FIRST CAUSE OF ACTION:
### CONTRIBUTION

15. Airbus incorporates by reference every allegation contained in paragraphs 1-14, as if fully set forth here.

16. Plaintiffs assert in the underlying action that Airbus is liable for their alleged damages as a result of Airbus's alleged negligence and/or as a result of alleged defects in the Aircraft. (*See* Plaintiffs' Complaint, which is incorporated here by reference.)

17. Airbus has answered Counts I, II, III, and IV of Plaintiffs' Complaint and denied all material allegations against it.

18. Pleading in the alternative, and without prejudice to its earlier denials, Defendant and Third-Party Plaintiff Airbus states that Afriqiyah contributed to and/or caused the losses for which Plaintiffs seek damages by committing the following negligent acts and omissions:

   a. Afriqiyah's flight dispatch personnel negligently and improperly authorized Afriqiyah Flight 771 to land at Tripoli International Airport in Tripoli, Libya despite their knowledge that unfavorable conditions prevailed at the destination;

   b. Afriqiyah Flight 771's flight crew negligently and improperly attempted to land at Tripoli International Airport in Tripoli, Libya despite unfavorable conditions encountered on approach, including flying sand, low fog, and poor visibility;

   c. Afriqiyah Flight 771's flight crew negligently and improperly allowed the Aircraft's altitude to sink below the published minimum altitude while on final approach to the airport.

   d. Afriqiyah Flight 771's flight crew negligently and improperly failed to follow standard operating procedures in attempting a go-around, causing the Aircraft to crash into the ground;

4

e. Afriqiyah negligently and improperly failed to provide adequate training and supervision to its flight crews, including the flight crew of Afriqiyah Flight 771; and

f. Afriqiyah was also otherwise negligent.

19. Afriqiyah's negligent and improper acts and omissions described above were the proximate cause of the Accident and of Plaintiffs' alleged damages.

20. If Airbus is adjudged liable under the applicable law to Plaintiffs for any of their alleged injuries or damages resulting from the Accident, which liability is expressly denied, Airbus is entitled to contribution, under the Act For Contribution Among Joint Tortfeasors, 740 ILCS 100/0.01 *et seq.* or other applicable law, from Afriqiyah for the share of liability that the finder of fact apportions against Afriqiyah, and for any amounts paid by or on behalf of Airbus in settlement, judgment, or compromise of Plaintiffs' actions and its fees and expenses incurred in these actions, together with attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

WHEREFORE, Defendant and Third-Party Plaintiff Airbus prays that should any judgment be entered against it and in favor of the Plaintiffs, then judgment should be entered in Airbus's favor against Afriqiyah in an amount commensurate with the pro rata share of fault attributable to Afriqiyah.

## SECOND CAUSE OF ACTION: <u>INDEMNITY</u>

21. Airbus incorporates by reference every allegation contained in paragraphs 1-14, as if fully set forth here.

22. Plaintiffs assert in the underlying action that Airbus is liable for their alleged damages as a result of Airbus's alleged negligence and/or as a result of alleged defects in the Aircraft.

23. Afriqiyah contributed to and/or caused the losses for which Plaintiffs seek damages by committing the following negligent acts and omissions:

    a. Afriqiyah's flight dispatch personnel negligently and improperly authorized Afriqiyah Flight 771 to land at Tripoli International Airport in Tripoli, Libya despite their knowledge that unfavorable conditions prevailed at the destination;

    b. Afriqiyah Flight 771's flight crew negligently and improperly attempted to land at Tripoli International Airport in Tripoli, Libya despite unfavorable conditions encountered on approach, including flying sand, low fog, and poor visibility;

    c. Afriqiyah Flight 771's flight crew negligently and improperly allowed the Aircraft's altitude to sink below the published minimum altitude while on final approach to the airport.

    d. Afriqiyah Flight 771's flight crew negligently and improperly failed to follow standard operating procedures in attempting a go-around, causing the Aircraft to crash into the ground;

    e. Afriqiyah negligently and improperly failed to provide adequate training and supervision to its flight crews, including the flight crew of Afriqiyah Flight 771; and

    f. Afriqiyah was also otherwise negligent.

24. Afriqiyah's negligent and improper acts and omissions described above were the proximate cause of the Accident and of Plaintiffs' alleged damages.

25. If Airbus is adjudged liable under the applicable law to Plaintiffs for any of their alleged injuries or damages resulting from the Accident, which liability is expressly denied, Airbus is entitled, under the applicable law, to contractual and/or equitable indemnity from Afriqiyah for the share of liability, if any, that the finder of fact apportions against Airbus, and for any amounts paid by or on behalf of Airbus in settlement, judgment, or compromise of

6

Plaintiffs' actions and its fees and expenses incurred in these actions, together with attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

## NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 44.1, Airbus gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, including but not limited to the laws of Libya or France, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

## JURY TRIAL DEMAND

Defendant and Third-Party Plaintiff Airbus demands a trial by jury on all issues so triable.

## CONCLUSION AND PRAYER

WHEREFORE, Airbus S.A.S. respectfully prays as follows:

(1) Plaintiffs take nothing by reason of their suit, but to the extent the fact-finder awards damages to the Plaintiffs, any award arising from Plaintiffs' claims against Airbus be reduced by that proportion of responsibility adjudged against Afriqiyah;

(2) Airbus be awarded, as contribution from Afriqiyah, all amounts it pays or are paid on its behalf in settlement, judgment, or compromise of this or any other action arising from the Accident;

(3) Airbus be awarded indemnity for all liability in connection with Plaintiffs' claims, including any amounts it pays or are paid on its behalf in defense, settlement, or judgment of Plaintiffs' claims in this or any other action arising from the Accident;

(4) Airbus be awarded its costs of Court; and

(5) Airbus be awarded such other and further relief to which it shows itself entitled.

Date:    August 8, 2011

                                    Respectfully submitted,

By:    */s/Thad T. Dameris*
       Thad T. Dameris*
       Bruce D. Oakley*
       Christopher M. Odell*
       **HOGAN LOVELLS US LLP**
       700 Louisiana Street, Suite 4300
       Houston, Texas 77002
       Tel.:  (713) 632-1410
       Fax:  (713) 583-6297
       thad.dameris@hoganlovells.com
       bruce.oakley@hoganlovells.com
       christopher.odell@hoganlovells.com

       David J. Weiner*
       **HOGAN LOVELLS US LLP**
       Columbia Square
       555 Thirteenth Street, NW
       Washington, DC  2004
       Tel.:  (202) 637-5617
       Fax:  (202) 637-5910
       david.weiner@hoganlovells.com

       **ATTORNEYS FOR DEFENDANT AIRBUS S.A.S.**

       *Admitted pro hac vice*

**Of counsel:**

Stanley V. Boychuck, #3124066
Anthony J. Monaco, #6279545
Patrick P. Clyder, #6292573
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Avenue, Ste. 3300
Chicago, Illinois  60611
Tel.: (312) 321-9100
Fax: (312) 321-0990

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that, on August 8, 2011, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Airbus S.A.S.'s Third Party Complaint Against Afriqiyah Airways was filed with the Clerk of Court and served by certified mail, return receipt requested, on all parties who have appeared in this case. Third-Party Defendant Afriqiyah Airways will be served in accordance with Fed. R. Civ. P. 4(h).

      By:    /s/ *Thad T. Dameris*